UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| TIMOTHY MAJERONI, | ) Docket no. 2:13-cr-37-GZS |
| | ) |
| Defendant. | ) |
| | ) |

ORDER ON MOTION IN LIMINE

Before the Court is the Government's Motion in Limine to Admit Evidence of Defendant's Prior Conviction (ECF No. 46). Having reviewed the parties' written submissions, the Court now GRANTS the Motion for reasons briefly explained herein.

I.   BACKGROUND

In the pending case, Defendant Timothy Majeroni is charged with one count of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & 2256(8)(A). At the upcoming jury trial on this charge, the Government seeks to introduce evidence that Majeroni previously pled guilty and was sentenced on two counts of child pornography possession in this same court in 2001. See United States v. Majeroni, D. Me Docket # 2:01-cr-09-GZS.

In that 2001 case, Defendant was sentenced to 36 months in prison to be followed by 36 months of supervised release. After being released from the custody of the Bureau of Prisons in January 2004, Defendant commenced his three year term of supervised release. While under supervision, the Court twice revoked Majeroni's supervised release. See 10/26/04 Revocation Judgment (ECF No. 51 in D. Me Docket # 2:01-cr-09-GZS) & 6/26/07 Revocation Judgment (ECF

No. 67 in D. Me Docket # 2:01-cr-09-GZS). As a result, Majeroni's 2001 case did not conclude until approximately 2008.[1]

## II.   DISCUSSION

The Government asserts that Majeroni's 2001 conviction for possession of child pornography is admissible in accordance with Federal Rule of Evidence 414. In response to the Government's Motion, Defendant concedes that both his 2001 conviction and the pending charge fall within the ambit of "child molestation" as that term is defined in Federal Rule of Evidence 414(d)(2) and, thus, may be admitted under the plain language of Rule 414(a). However, he argues that the prior 2001 conviction should still be excluded pursuant Rule 403.

Rule 414 "reflects a congressional judgment to remove the propensity bar to admissibility of certain evidence" involving similar crimes of child molestation. Martinez v. Cui, 608 F.3d 54, 60 (1st Cir. 2010) (discussing Rule 415, a similar rule for civil cases involving sexual assault or child molestation); see also United States v. Davis, 624 F.3d 508, 512 (2d Cir. 2010) ("[T]he legislative sponsors of Rule 414 expected that convictions within its ambit would normally be admitted and that their prejudicial value would normally not be outweighed by the risk of prejudice."). As a result, the plain language of Rule 414 would appear to be incompatible with any exclusion of evidence pursuant to Rule 403. Nonetheless, the First Circuit has joined most other circuits in concluding that evidence that is relevant and admissible pursuant to Rules 413, 414 & 415 must still be subject to "Rule 403 scrutiny." Martinez, 608 F.3d at 60. Unlike other circuits, the First Circuit has not adopted or announced any special rules or factors courts should consider when a defendant

---

[1] The Court notes that Majeroni was then subject to a separate prosecution for failing to update his sex offender registry in violation of 18 U.S.C. § 2250(a) in 2007. See United States v. Majeroni, D. Me Docket # 2:07-cr-113-GZS. Majeroni was serving a term of supervised release related this 2007 case when a probation officer conducted a search of his residence resulting in the current charge for possession of child pornography.

seeks exclusion based on Rule 403 of evidence otherwise admissible under Rule 414. See id. at 60-61 ("Nothing in the test of Rule 413-415 suggests these rules somehow change Rule 403.")[2]

With this background in mind, the Court must consider Defendant's assertion that his prior conviction must be excluded because its probative value is substantially outweighed by a risk of unfair prejudice. In doing so, the Court recognizes that given the similarity between the 2001 conviction and the current charge, the evidence is undoubtedly probative and highly prejudicial. However, the Court must "distinguish 'highly' prejudicial from 'unfairly' prejudicial." Davis, 624 F.3d at 512 (noting that "[t]he calibration necessary to distinguish 'highly' prejudicial from 'unfairly' prejudicial will often be difficult to determine"). Defendant proffers essentially two factors in support of finding an overwhelming danger of unfair prejudice: (1) the passage of more than a decade between the prior child pornography conviction and the present charge, and (2) the significant amount of other evidence available to the government to meet its burden of proof. See Def. Response (ECF No. 58) at 2.

With respect to "temporal proximity," The Court disagrees with Defendant's suggestion that the passage of time between the prior conviction and the present charge gives rise to unfair prejudice. Notably, Rule 414 contains no time limit. Other courts have overruled Rule 403 objections for similar prior convictions when the convictions were up to twenty years old. See, e.g.,

---

[2] Compare, e.g., United States v. Sturm, 673 F.3d 1274, 1284-85 (10th Cir. 2012) cert. denied, 133 S. Ct. 300 (2012) ("In the context of prior crimes evidence, this court employs the following four-factor analysis under Rule 403: 1) How clearly the prior act has been proved; 2) How probative the evidence is of the material fact it is admitted to prove; 3) How seriously disputed the material fact is; and 4) Whether the government can avail itself of any less prejudicial evidence.") (citations omitted); United States v. Kelly, 510 F.3d 433, 437 (4th Cir. 2007) ("In applying the Rule 403 balancing test to prior offenses admissible under Rule 414, a district court should consider a number of factors, including (i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense."); United States v. LeMay, 260 F.3d 1018, 1028 (9th Cir. 2001) (providing an non-exhaustive list of factors to be considered when conducting a Rule 403 analysis for prior acts of sexual misconduct including "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.") (internal quotations and additional citations omitted).

Davis, 624 F.3d at 512 (noting that prior conviction was 19 years old); United States v. Bentley, 561 F.3d 803, 816 (8th Cir. 2009) (allowing testimony involving prior misconduct that occurred 9 years prior to pending charged conduct & noting prior case affirming admission of Rule 414 testimony involving events that occurred more than 20 years before trial); United States v. Drewry, 365 F.3d 957, 960 (10th Cir. 2004) (affirming Court's admission of prior child molestation conduct that occurred 25 years earlier & collecting cases). Ultimately, the age of Majeroni's prior child pornography conviction may result in the factfinder giving it less weight. However, the Court cannot say that the passage of less than twelve years between the prior conviction and the current charge makes admission of the prior conviction unduly prejudicial.[3] In this case, this conclusion is bolstered by the significant similarity between the pending charge and the prior conviction, which indisputably involved possession of child pornography that could be viewed on a computer.

With respect to the Government's other available evidence, the Court agrees with the Government that the prior conviction is uniquely probative on the issue of Defendant's knowledge. Ultimately, the Government must prove that Defendant both knowingly possessed the laptop and that he knew there was child pornography on the laptop. In short, having duly considered Defendant's proffer of the other evidence that the Government will seek to admit, the Court cannot conclude that the prior conviction will unfairly prejudice the jury or amount to a needless presentation of cumulative evidence. Rather, the Court is satisfied that any risk of unfair prejudice associated with admitting the 2001 conviction is outweighed by the probative value of the prior conviction on both the knowledge element of the pending child pornography possession charge and

---

[3] The Court reaches this conclusion without giving any weight to what has happened in the intervening years between Defendant's 2004 release from prison on his 2001 conviction and the current charge. However, the Court notes that the record includes intervening misconduct, albeit not possession of child pornography. See, e.g., Gov't Motion (ECF No. 46) at 7-8 (summarizing Defendant's accumulated record of supervised release violations and an additional conviction). To the extent that the Court were to consider the intervening acts and circumstance as a stand-alone factor in its Rule 403 analysis, on the available record, the Court could not conclude that the 2001 conviction amounts to an aberration with little to no probative value.

Defendant's propensity to commit the charged offense. Additionally, a proper limiting instruction can ensure that the jury uses the prior conviction evidence for allowable purposes and thereby further limit the risk of unfair prejudice.

### III.   CONCLUSION

Therefore, based on the pretrial proffer, the Court GRANTS the Government's Motion in Limine to Admit Evidence of Defendant's Prior Conviction (ECF No. 46). This pretrial ruling is made WITHOUT PREJUDICE to Defendant renewing any objections at trial when the Government seeks to introduce the prior conviction.

Because this ruling is subject to renewed objections and potential reconsideration, the Court hereby ORDERS that the Government not make any reference to Defendant's prior conviction in its opening statement. To the extent that the Government has indicated that it will seek to establish the prior conviction with a certified copy of the 2001 judgment "and an excerpt of the Prosecution Version," the Government shall prepare the proposed exhibit and provide a copy to Defendant and the Court for review prior to commencement of trial. Additionally, at trial, the Government shall request a sidebar conference prior to moving for admission of the prior conviction in order to allow Defendant an opportunity to renew his objections.

To the extent the prior conviction evidence is admitted at trial, Defendant shall indicate whether he wishes the Court to give the limiting instruction proposed by the Government.[4] Alternatively, Defendant shall file in writing an alternative limiting instruction prior to commencement of trial.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 10th day of September, 2013.

---

[4] See Gov't Motion (ECF No. 46) at 9.