UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:13-cr-00037-JAW-1 |
| ) | |
| TIMOTHY MAJERONI ) | |

**ORDER GRANTING MOTION FOR SENTENCE REDUCTION PURSUANT TO AMENDMENT 821**

On January 10, 2014, United States District Judge George Singal sentenced Timothy Majeroni to a term of one-hundred and fifty months of incarceration, a life term of supervised release, no fine, and a $100 special assessment in docket number 2:13-cr-00037-GZS for possession of child pornography, a violation of both 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252A(b)(2). *J.* (ECF No. 92). That same day, Judge Singal sentenced Mr. Majeroni to a consecutive term of twenty-four months of imprisonment in docket number 2:07-cr-00113-GZS for using or possessing a laptop without a supervising officer's approval and for having committed another federal, state, or local crime. *United States v. Majeroni*, 2:07-cr-00113-GZS (D. Me. Jan 10, 2014), *Revocation J.* (ECF No. 93).

On November 1, 2023, amendments to the United States Sentencing Guidelines (U.S.S.G.) came into effect. Two weeks later, on November 15, 2023, the United States Probation Office reviewed Mr. Majeroni's sentence sua sponte and determined he is eligible for a sentencing reduction under Amendment 821 of the U.S.S.G. *Report Pursuant to Am. 821 to the United States Sentencing Guidelines for Eligible Def.* (ECF No. 121) (*PO Report*).

On January 22, 2024, Mr. Majeroni and the Government filed a joint recommendation that the Court reduce the incarcerative portion of Mr. Majeroni's sentence in 2:13-cr-00037-JAW. *Joint Agreement for Sentencing Reduction Pursuant to Amendment 821* (ECF No. 129) (*Joint Agreement*). Attached to the agreement is an affidavit of Mr. Majeroni, wherein he states that he understands the parties' joint recommendation, consents to the reduction of sentence to 136 months, and understands the new sentence would not take effect before February 1, 2024. *Id.*, Attach. 1 at 1 (*Majeroni Consent to Sentence Reduction*).

Part A of Amendment 821, which is the amendment that occasioned the Probation Officer's review, modified United States Sentencing Guideline (U.S.S.G) § 4A1.1(e) to change the number of points added to a defendant's criminal history score if the defendant committed the new offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). This so-called status point amendment is retroactive, so it applies in Mr. Majeroni's case because at the time of his original sentencing, two criminal history status points were added pursuant to then-U.S.S.G. § 4A1.1(d) because he was under a criminal justice sentence when he committed these federal crimes. *See Statement of Reasons and Findings Affecting Sentencing* (ECF No. 93).

With his total offense level of 30 and 8 criminal history points, including 2 status points, Mr. Majeroni was Criminal History Category IV and the guideline range sentence for his original sentence was 135-168 months. *PO Report* at 2. He received a mid-range sentence of 150 months. *Id.* Applying Amendment 821, Mr. Majeroni retains the total offense level of 30 but his criminal history points are

lowered to 6, leading to a Criminal History Category of III, which corresponds to a guideline range of 121-151 months. *Id.* at 1-2. In line with this, "[t]he parties recommend the incarcerative portion of the sentence in 2:13-cr-37 be reduced to 136 months," a mid-range sentence given the updated guideline range. *Joint Agreement* at 2. The Government has represented that it sent notice of this proposed reduction to all identified victims and received no objections. *Id.*

As U.S.S.G. § 4A1.1(e), a retroactive provision, applies and lowers the applicable guideline range for Mr. Majeroni's sentence, the Court is authorized to reduce his sentence. U.S.S.G. § 1B1.10(a)(2)(B). After considering the factors of 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10, specifically Mr. Majeroni's significant programming while in the Bureau of Prisons' custody, his relatively modest disciplinary history, and the policy underlying the Sentencing Commission's retroactive guideline amendment, the Court adopts the recommendation of the parties and the United States Probation Office and reduces Mr. Majeroni's incarcerative sentence in docket number 2:13-cr-00037 from 150 months to 136 months, consecutive to the existing 24 month sentence in 2:07-cr-00113. This new sentence will become effective on February 1, 2024, the day that U.S.S.G. § 4A1.1(e) takes effect. As the parties acknowledge, "[a]ll other aspects of Timothy Majeroni's sentence" shall remain intact. *Joint Agreement* at 2.

The Court GRANTS the parties' Joint Motion to Reduce Sentence – USSC Amendment 821 (ECF No. 129).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of January, 2024

4